USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/11/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY HIRST,

                      Petitioner,

v.

UNITED STATES OF AMERICA
                      Respondent.

No. 19-cv-8512 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court is in receipt of Petitioner's letter, dated January 31, 2020, requesting that the Court appoint him *pro bono* counsel. *See* Dkt. 7.

In civil cases, unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.*; *see also Garavito-Garcia v. United States*, No. 17 Civ. 5798 (JSR) (SLC), 2019 WL 5960207, at *2 (S.D.N.Y. Nov. 13, 2019) ("Because there is no constitutional right to representation in a habeas action, it is in the Court's discretion whether to appoint pro bono counsel."). Even if a court believes that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Since courts do not have funds to pay counsel in civil matters, they must grant applications for counsel sparingly in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are most deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989) (per curiam).

Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, the Court may request counsel for a habeas petitioner where "the interests of justice so require." In considering whether to grant an indigent litigant's request for pro bono counsel, a district court considers the merits of the case, the litigant's efforts to obtain a lawyer, and the litigant's ability to gather the facts and present the case if unassisted by counsel. *See Cooper*, 877 F.2d at 172; *Hodge*, 802 F.2d at 60-62; *see also Martinson v. U.S. Parole Comm'n*, No. 02 Civ. 4913 (DLC) (DF), 2004 WL 203005, at *2-3 (S.D.N.Y. Feb. 2, 2004) (explaining that the "same standards apply" in determining either "whether or not to appoint counsel to an indigent plaintiff under 28 U.S.C. § 1915(d)" or "whether, in the interest of justice, to appoint counsel for a petitioner in a habeas proceeding"). Here, Petitioner asserts that he "is unable to afford a lawyer," and that he is "unable to represent himself" due to his dementia. *See* Dkt. 10. While the Court is sympathetic to Petitioner's condition, his application does not contain sufficient detail to establish that the interests of justice necessitate appointment of counsel. Accordingly, Petitioner's request for the appointment of counsel is denied without prejudice to renewal at a later date if additional grounds for the application are presented to the Court. If he renews his application, Petitioner is advised to provide details bearing on the merits of his Petition, his efforts to obtain a lawyer, and how his condition affects his ability to represent himself in this proceeding.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: February 11, 2020
New York, New York

Ronnie Abrams
United States District Judge